IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNA HUFFMAN,

          Plaintiff,

v.                                                        Case No. 23-4091-JWB

FOREST RIVER INC., et al.,

          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Forest River, Inc.'s motion to dismiss for lack of personal jurisdiction. (Doc. 56.) Plaintiff has also filed a conditional motion to change venue and a motion to bifurcate. (Docs. 54, 55.) The motions have been fully briefed and are ripe for decision. (Docs. 57, 58, 59.) Defendant's motion is DENIED. Plaintiff's motions are GRANTED.

**I.    Standard**

On a Rule 12(b)(2) motion to dismiss, Plaintiff must make a prima facie showing that the court has personal jurisdiction. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). If a defendant challenges the jurisdictional allegations, Plaintiff "must support the jurisdictional allegations of the complaint by competent proof of the supporting facts." *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011, 1014 (D. Kan. 2006) (citing *Pytlik v. Pro'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). All factual disputes must be resolved in Plaintiff's favor and, to the extent that they are uncontroverted by Defendant's affidavit, "the allegations in the complaint must be taken as true." *Id.* (citing *Intercon. Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (only well-pled facts, as distinguished from conclusory allegations, accepted as true).

1

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *TH Agriculture & Nutrition, LLC v. Ace Eur. Grp., Ltd.*, 488 F.3d 1282, 1286–87 (10th Cir. 2007). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *Id.* at 1287 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1087 (10th Cir. 1998)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotations omitted). Therefore a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite minimum contacts may be established under one of two theories: "specific jurisdiction" or "general jurisdiction." If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903 (internal quotations omitted). General jurisdiction is based on an out-of-state corporation's "continuous and systematic" contacts with the forum state. *Id.* at 904. Specific jurisdiction exists if the defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (internal citations omitted); *see also Mitchell v. BancFirst*, No. 17-2036, 2018 WL 338217, at *2 (D. Kan. Jan. 9, 2018).

## II.     Facts and Procedural History

This case was originally filed in Jefferson County, Kansas, and was removed by Defendant Forest River, Inc. (Doc. 1.) Since the removal, Plaintiff filed an amended complaint. (Doc. 16.) Plaintiff's amended complaint brought claims against Forest River, Inc., Blue Compass RV, LLC, and Defendant RV Retailer of Texas, LLC, also known as Motor Home Specialists ("MHS"). All Defendants moved to dismiss on the basis that this court lacked personal jurisdiction over them. (Docs. 20, 21.) The facts are largely taken from the court's prior ruling on the motions to dismiss. Given the overlap of issues in the motions before the court, the facts are restated herein and additional facts will be added throughout.

Plaintiff is a citizen of Kansas and has been a citizen of Kansas at all times relevant to the events in this matter. In 2020, she decided to purchase a recreational vehicle ("RV"). Plaintiff and her co-buyers purchased the RV from Defendant MHS in Alvarado, Texas. Plaintiff saw an advertisement from MHS and decided to purchase her new Mercedes Sprinter Isata 3 from MHS. The RV was manufactured by Forest River. Plaintiff negotiated the purchase over the telephone and doc-u-signed the purchase agreement on July 14, 2020. She also paid a $2,000 deposit by credit card. (Doc. 16 at 9.) The RV was scheduled for delivery to MHS on July 20, 2020. Plaintiff and her family left Kansas on July 19 to pick up the RV in Texas but the RV was not ready. Plaintiff's amended complaint and second amended complaint sets forth several problems with the RV. On July 22, they picked up the RV and were told that it had passed the 200 point inspection, all parts were accounted for, and no deficiencies were disclosed. (*Id.* at 5.) The contract for the RV shows that Plaintiff signed it in person on July 21, 2020 while she was in Alvarado, Texas. (Doc. 9-1 at 6.) Further, the warranty registration form and the application for Texas title identifies Plaintiff's address in Corpus Christi, Texas, and not Kansas. (*Id.* at 12, 14.)

3

Additional Facts Relevant to Personal Jurisdiction. MHS is a limited liability company and has one location in Alvarado, Texas. (Doc. 9-1 at 2.) Its sole member is Defendant Blue Compass RV, LLC. (Doc. 35 at 1.) Blue Compass's headquarters are in Florida. (Doc. 9-1 at 2.) Although Blue Compass has numerous members, most of which are other limited liability companies, none of those members are citizens of Kansas. (Doc. 35.)

Forest River is located in Indiana and sells its RVs to authorized dealers, including those located in Kansas. Its principal place of business is in Indiana and it does not have a registered agent or any employees in Kansas. Forest River also has no facilities or property in Kansas and does not exercise day-to-day control over authorized dealers in Kansas. (Doc. 22-2.) In May 2020, Forest River purchased Eldorado National (Kansas), Inc. ("ENK"), a shuttle bus manufacturer located in Salina. In June 2020, Forest River re-domesticated ENK from a Kansas corporation to an Indiana limited liability company. The manufacturing facility was closed after the purchase and the property was sold in July 2021. Forest River has not had any ENK employees in Kansas nor has it built any shuttle buses since the closure. (*Id.*)

Prior Ruling. On June 6, 2024, the court granted Blue Compass's motion to dismiss finding that the court lacked personal jurisdiction over Blue Compass and, alternatively, that Plaintiff's amended complaint failed to state a claim against Blue Compass. (Doc. 51.) With respect to MHS, the court similarly found that it lacked personal jurisdiction. Finally, with respect to Forest River, the court found that Plaintiff's allegations in her amended complaint were insufficient to allege a claim but that her assertions in response to the motion to dismiss could be sufficient to state a claim. Accordingly, the court allowed Plaintiff the opportunity to amend her complaint or, alternatively, file a motion to transfer venue. The court also informed Plaintiff that she could not amend her complaint as to MHS as this court lacked jurisdiction over it.

Following the court's order, Plaintiff filed a second amended complaint against Forest River only. (Doc. 53.) Plaintiff also filed a motion to bifurcate the action in which she asks the court to allow her claim to proceed against Forest River in this district and transfer her claims in the first amended complaint against MHS to the Northern District of Texas. (Doc. 54.) Plaintiff also filed a motion to change venue. (Doc. 55.) That motion is titled as a "conditional motion" because Plaintiff continues to believe that this court has personal jurisdiction over MHS (it does not) and because she does not want all her claims against Forest River transferred out of this district. No party has filed a response in opposition to Plaintiff's motions.

Second Amended Complaint. The second amended complaint ("SAC") adopts the facts related to personal jurisdiction from the first amended complaint. The SAC alleges that Forest River's RVs are sold in Kansas at a variety of dealers in Kansas including Camping World at the Legends. (Doc. 53 ¶ 11.) Plaintiff alleges that Forest River enters into and services warranty contracts with residents of Kansas who purchase Forest River RVs in Kansas. (*Id.* ¶ 8.) Further, Forest River has mailed parts to Kansas in conjunction with Plaintiff's warranty claims and also paid a Kansas company for one of Plaintiff's warranty repairs. (*Id.*)

In the SAC, Plaintiff brings the following claims against Forest River: breach of contract; fraud; misrepresentation; negligence; and violations of the Kansas Consumer Protection Act ("KCPA"). Plaintiff seeks compensatory damages and statutory penalties. Plaintiff also seeks restitution and/or a replacement of the RV, reinstatement of both warranties, loss of value, incidental damages, and punitive damages.[1] (Doc. 53 at 24.) Plaintiff alleges that the RV was defective at the time it was delivered to Texas. Plaintiff exhaustively identifies the issues she has

---

[1] Plaintiff also seeks injunctive relief for "other consumers." (Doc. 53 at 24.) Plaintiff, however, did not bring a class action claim; therefore, such relief is not available. Further, as a pro se plaintiff and an unlicensed attorney, she is unable to do so.

had with the RV, asserting that several features of the RV have never worked, were broken, and have been unrepaired.  (*Id.* ¶ 53.)  As a result, Plaintiff contends that Forest River has breached four different contracts: 1) the contract for features posted on the RV by Forest River ("sticker contract"); 2) the express warranty; 3) the roadside assistance warranty; 4) and an oral agreement made by a Forest River representative to pay for certain bills incurred by Plaintiff.  (*Id.* ¶¶ 39–42.)  Plaintiff alleges the sticker contract was breached because the RV did not contain all the features that were represented to be included and that Forest River failed to correct this breach.  Plaintiff alleges the express warranty was breached by Forest River's failure to make repairs to the RV, including repairs to the RV after defects were discovered in Kansas.  Plaintiff alleges that the roadside assistance warranty was breached by Forest River's failure to abide by the terms of that agreement.  And, finally, that Forest River failed to pay for expenses to repair the RV that it had agreed to pay.

Plaintiff also asserts various tort claims under Kansas law.  First, Plaintiff's fraud claim involves representations as to the installation of the hydraulic jack on the RV during manufacture.  Plaintiff contends that the system did not have a working leveling jack system because Forest River used an old part causing the system to leak.  (*Id.* ¶¶ 59–69.)  Second, Plaintiff's misrepresentation claim alleges that Forest River misrepresented the age of the RV on the sticker, since she alleges that the vehicle was actually manufactured in 2018 but was represented to be a 2020 RV.  Plaintiff did not discover the true manufacture date until she received the actual title.  Third, Plaintiff's negligence claim asserts that Forest River breached its duty to construct the RV without any defects, failed to deliver the RV with all the features in working order, and failed to make repairs.

Finally, Plaintiff brings claims under the KCPA.  Plaintiff claims that Forest River committed several deceptive acts which include misrepresenting the RV characteristics, value,

quality, and the lack of warranty. She further asserts that Forest River willfully concealed several material facts including the concealment of mechanical issues, the age of the RV, missing features, and concealed and omitted several benefits under the warranty. Additionally, she alleges that Forest River violated K.S.A. § 50-637(a)(2) when the consumer transaction was entered into because the "price grossly exceeded the price at which similar property or services were readily obtainable in similar transactions by similar consumers" as to certain equipment on the RV. (*Id.* ¶ 100.) Finally, Plaintiff asserts that Forest River violated K.S.A. § 50-637(a)(3) due to the fact that she was unable to receive a material benefit from the transaction due to the time periods the RV did not work, the features that have never worked, and the warranties which were not honored. (*Id.* ¶ 101.)

**III.   Analysis**

Forest River argues that it is not subject to personal jurisdiction in Kansas. Alternatively, Forest River argues that Plaintiff's tort claims are barred by the economic loss doctrine and her fraud claims were not plead with sufficient particularity.

**A.   Personal Jurisdiction**

Plaintiff does not argue that Forest River is subject to general personal jurisdiction in Kansas. Therefore, the court proceeds to the question of whether Forest River's conduct subjects it to specific personal jurisdiction in Kansas. As stated previously, specific jurisdiction exists if the defendant has "purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (internal citations omitted); *see also Mitchell v. BancFirst*, No. 17-2036, 2018 WL 338217, at *2 (D. Kan. Jan. 9, 2018).

Forest River argues that it is not subject to personal jurisdiction in Kansas because "Plaintiff's claims do not directly relate to or arise out of Forest River's purposeful contacts with Kansas." (Doc. 57 at 11.) Forest River argues that the causal connection is missing here because Plaintiff did not buy the RV in Kansas, the RV was not made in Kansas, and Forest River didn't sell the RV to a dealer in Kansas. (*Id.* at 12.) Notably, however, Forest River's authority in support of its arguments is all dated prior to the Supreme Court's opinion in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021). That case makes clear that the "relate to" component of personal jurisdiction does not require a causal relationship between the cause of action and the defendant's activities. *Id.* at 362. In *Ford*, the Court considered two lawsuits filed in Montana and Minnesota. The Montana suit involved a tragic death after a Ford malfunctioned. *Id*. at 356. The other involved injuries in an accident in Minnesota. *See id.* Ford argued that the courts lacked personal jurisdiction because "neither vehicle was designed, manufactured, or first sold in the State where the accident occurred." *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1223 (10th Cir. 2021) (citing *Ford*, 592 U.S. at 361). Ford had acknowledged that it purposefully availed itself of the markets but contested that the action arose out of or related to those activities because the cars were not sold in those states but relocated by the owners. Ford insisted that "[j]urisdiction attaches only if the defendant's forum conduct gave rise to the plaintiff's claims." *Ford*, 592 U.S. at 361. The Supreme Court disagreed, holding that the "relate to" component of the second requirement of specific personal jurisdiction does not require a strict causal relationship. *Id.* at 362–63. This does "not mean anything goes. In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id.* at 362. The Court ultimately held that Ford was subject to personal jurisdiction in those states because Ford had systematically served a market in those states for the vehicles that malfunctioned. The

8

Court explained that it had previously recognized that specific jurisdiction attaches in such cases—"when a company like Ford serves a market for a product in the forum State and the product malfunctions there." *Id.* at 363.

> In *World-Wide Volkswagen*, the Court held that an Oklahoma court could not assert jurisdiction over a New York car dealer just because a car it sold later caught fire in Oklahoma. 444 U.S., at 295, 100 S. Ct. 580. But in so doing, we contrasted the dealer's position to that of two other defendants—Audi, the car's manufacturer, and Volkswagen, the car's nationwide importer (neither of which contested jurisdiction):
>
>> "[I]f the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, **directly or indirectly**, the market for its product in [several or all] other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others."

*Id.* at 363 (quoting *World-Wide Volkswagen*, 444 U.S. at 297) (emphasis supplied).

After *Ford*, the Tenth Circuit addressed the personal jurisdiction standard in light of *Ford's* holding and held that a

> forum state can exercise personal jurisdiction over an out-of-state defendant that has injured a resident plaintiff in the forum State if (1) the defendant has purposefully directed activity to market a product or service at residents of the forum State and (2) the plaintiff's claim arises from essentially the same type of activity, even if the activity that gave rise to the claim was not directed at forum residents. In that circumstance, we say that the activity giving rise to the claim "relates" to the defendant's activity in the forum State.

*Hood*, 21 F.4th at 1224 (citing *Ford,* 592 U.S. at 366 & n.5.)

In light of *Ford* and *Hood*, the court finds that it has personal jurisdiction over Forest River. Plaintiff alleges that Forest River sells its RV to dealers in the state who then sell the RVs to their customers. Those customers, Kansas citizens, purchase Forest River RVs which include manufacturer warranties, such as the warranties which Plaintiff complains were violated here. In response to these allegations, Forest River has submitted an affidavit in which it states that it does

9

not "**directly** sell or market vehicles in Kansas." (Doc. 57-1 at 27) (emphasis supplied). But Forest River does not deny that it "indirectly" sells its vehicles (RVs) to Kansas residents through the dealerships nor does Forest River deny that it serves customers in Kansas by providing warranty repairs. *See Hood*, 21 F.4th at 1223. Therefore, the court finds that Plaintiff has shown by a preponderance of the evidence that Forest River has purposefully directed activity at residents of Kansas by serving the area with the sale of their RVs through the dealers and by entering into warranty contracts with Kansas residents and performing those warranty obligations in Kansas.

Next, the court considers whether Plaintiff's claim arises from essentially the same type of activity even if the activity that gave rise to the claim was not directed at forum residents. *Hood*, 21 F.4th at 1224. It does. Plaintiff purchased a Forest River RV at a dealer in Texas, which is similar to a Kansas resident purchasing one of Forest River's RVs from an independent dealer in Kansas. Further, according to the allegations, Plaintiff's RV purchase came with a manufacturer warranty that Forest River provides to citizens of Kansas when they purchase a Forest River RV here in Kansas. Plaintiff's claims arise out of essentially the same activity – Forest River's issuance of the warranties and servicing of the same at third-party locations in Kansas. Plaintiff's claims include that the product malfunctioned in Kansas and that Forest River has breached its obligations under the warranty in Kansas. Forest River cannot avoid personal jurisdiction in this case by arguing that Plaintiff's claims do not arise out of its specific actions toward Plaintiff when Forest River purposefully delivers RVs to Kansas dealers to sell in this state and then the product malfunctions here.

Additionally, Plaintiff has alleged that Forest River has provided warranty services to Plaintiff here in Kansas and also refuses to provide services under its warranties after Plaintiff has made claims in Kansas. This conduct involves actions undertaken by Forest River in Kansas in

conjunction with its warranty obligations and alleged breaches of the contract in Kansas which cements the court's finding that Plaintiff's claim relates to Forest River's activities in Kansas.[2]

Accordingly, the court finds that Plaintiff has met her burden to show that Forest River is subject to personal jurisdiction in Kansas.

### B. Economic Loss Doctrine

Forest River moves for dismissal of Plaintiff's tort and KCPA claims on the basis that they are barred by the economic loss doctrine. Under Kansas law, the economic loss doctrine prevents a party from recovering purely economic losses in a tort claim "in circumstances governed by the law of contracts." *BHC Dev., L.C. v. Bally Gaming, Inc.*, 985 F. Supp. 2d 1276, 1287 (D. Kan. 2013) (citations omitted). At this stage of the proceedings, the court declines to dismiss Plaintiff's claims under the economic loss doctrine. Plaintiff's request for damages includes more than a request for solely economic loss, including a request to extend the various warranties on the RV. Further, Plaintiff's allegations regarding her fraud and misrepresentation claims do not revolve around the warranty contracts. Rather, they involve alleged representations made regarding the hydraulic system and the age of the RV. Plaintiff's KCPA claims also involve alleged misrepresentations. Therefore, Plaintiff can proceed on these claims at this stage of the proceedings. *See id.* at 1288 (declining to dismiss negligent misrepresentation claims based on decisions by the Kansas Supreme Court). Forest River, however, is free to raise this issue on summary judgment.

### C. Fraud

---

[2] The court need not address all of Plaintiff's claims to determine whether this court has personal jurisdiction over Forest River over all claims. If the claims arise from a common nucleus of operative facts, than the court may assert pendent personal jurisdiction. *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002).

Forest River moves for dismissal of Plaintiff's fraud and KCPA claims on the basis that Plaintiff has failed to plead the claims with particularity required by Federal Rule of Civil Procedure 9(b). Forest River argues that Plaintiff has failed to sufficiently allege the time, place and contents of false representations and identity of the party making the representations. (Doc. 57 at 17–18.) Forest River, however, generally argues that Plaintiff's fraud claims are insufficiently plead but Plaintiff's pleading is extensively detailed. With respect to the fraud claim, Plaintiff alleges that Forest River "created an invoice representing the hydraulic jack system" as new but then allegedly used a recycled part in the system causing damage. (Doc. 53 at 14.) With respect to the misrepresentation claim, Plaintiff alleges that Forest River's sticker on the RV stated that it was a 2020 model but that it was in fact a 2018 model. Plaintiff further makes specific allegations regarding Forest River's representations on the sticker regarding the accessories and features of the RV that were either missing, broken, or defective. (*Id.* at 18–23.) These statements were allegedly contained on the sticker and the warranty which were a part of the sale transaction. Therefore, Plaintiff has provided a time and place for the alleged fraudulent statements made by Forest River. Such allegations meet the heightened pleading standard for fraud at this stage of the proceedings.[3] *See Marksberry v. FCA US LLC*, 481 F. Supp. 3d 1229, 1236 (D. Kan. 2020) (denying motion to dismiss on failure to plead fraud with particularity in claims involving false statements regarding warranty by manufacturer).

### D. Motion to Transfer Venue and Bifurcate Claims

Plaintiff moves to bifurcate her claims against MHS and then transfer that matter to the Northern District of Texas. No party has filed a response in opposition to the motions.

---

[3] In its reply brief, Forest River argues that the KCPA claim must be dismissed because the RV was purchased in Texas. (Doc. 59 at 5.) The court does not consider arguments raised for the first time in a reply brief.

Rule 21 of the Federal Rules of Civil Procedure governs the misjoinder of parties. Rule 21 gives "district courts discretion to sever any claim against a party and proceed with the claim or claims separately." *Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR, 2014 WL 5430251, at *6 (D. Kan. Oct. 24, 2014) (quoting *Tab Express Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623 (D. Kan. 2003)). "When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic." *Id.* (citation omitted). These factors favor severance here. Because the court lacks personal jurisdiction over MHS, Plaintiff cannot proceed on these claims in this district. However, Plaintiff's claim against Forest River can proceed in this district and Plaintiff would like to proceed in this district on her claim against Forest River as it is more convenient for her. Severance of the matter is more convenient for MHS as it is a citizen of Texas. Further, it will promote expediency and economy as this action has been pending for more than one year and it can continue to proceed. Moreover, should the court deny the motion and dismiss MHS for lack of personal jurisdiction, Plaintiff's claim could be barred by the statute of limitations. Therefore, Plaintiff's motion to sever her claims against MHS is granted.

Now that the claims against MHS have been severed, Plaintiff seeks to transfer venue of these claims. Motions to transfer venue are governed by section 1404(a) of Title 28 which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The first issue is whether the proposed transferee venue is one in which proper venue lies under 28 U.S.C. § 1391. The court finds that the Northern District of Texas is a proper venue because this is where "a substantial part of the events or omissions giving rise to the claim"

13

occurred. *See id.* § 1391(b)(2). Plaintiff purchased the RV from MHS in Alvarado, Texas, which is in the Northern District of Texas, and her claims against MHS arise out of that transaction. As such, the Northern District of Texas is a proper venue in which the action may have been brought.

Although Plaintiff chose this forum for her claim, this choice is entitled to little weight because this court lacks personal jurisdiction over MHS in this district. Further, the convenience of the parties and availability of witnesses weigh in favor of transfer. *See Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."). Given the allegations which concern the condition of the RV upon delivery in Texas and the problems surrounding that delivery, the witnesses, excluding Plaintiff, are likely located in Texas. Further, MHS is located in Texas and the Northern District of Texas would be convenient for MHS. The court also finds that transfer of this action would be in the interest of justice. Should the court deny the motion to transfer, Plaintiff's claims against MHS will be dismissed for lack of personal jurisdiction. This could bar Plaintiff's claims against MHS as the statute of limitations has likely run on her claims.

Accordingly, the court finds that transfer of venue of Plaintiff's claims against MHS to the Northern District of Texas, Dallas Division is appropriate under § 1404(a).

**IV.     Conclusion**

Forest River's motion (Doc. 56) is DENIED. Forest River's initial motion to dismiss (Doc. 21) is DENIED AS MOOT. Plaintiff's motions (Docs. 54, 55) are GRANTED. The action against MHS is severed from this action and will be transferred to the Northern District of Texas, Dallas Division. As a result, the motion to dismiss (Doc. 20) is DENIED as to MHS and GRANTED as to Blue Compass in accordance with the court's prior order.

IT IS SO ORDERED.  Dated this 13th day of September 2024.

                                              __ s/ John Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE