# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONNA L. HUFFMAN,

     Plaintiff,

     v.

     Case No. 23-4091-JWB-RES

FOREST RIVER, INC.,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Forest River, Inc.'s renewed Motion for Leave to File an Amended Answer and Affirmative Defenses to Plaintiff Donna L. Huffman's Second Amended Complaint.  ECF No. 83.  Plaintiff has filed a response in opposition,[1] and Defendant has filed a reply brief in further support of the Motion.  ECF Nos. 85 and 86.  For the reasons explained below, the Motion is granted.

## I.    BACKGROUND

Highly summarized, Plaintiff's Second Amended Complaint asserts multiple claims against Defendant, the alleged manufacturer and warrantor of a recreational vehicle ("RV") that Plaintiff purchased in 2020 and which she alleges was defective in multiple ways.  *See generally*

---

[1]    Generally, pro se litigants "are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, does "not act as [an] advocate" for pro se litigants.  *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).  In this case, however, Plaintiff is a trained attorney, which means that she may not be entitled to the same liberal construction extended to pro se litigants.  *See, e.g., Cohen v. Hartman*, No. 23-1364, 2024 WL 4234967, at *1 (10th Cir. Sept. 19, 2024) (noting that because plaintiff had legal training, she was not entitled to liberal construction of her filings but concluding that even if her filings were entitled to liberal construction, the court would reach the same conclusion).  Regardless of whether the Court liberally construed Plaintiff's response brief, it would reach the same conclusion.

ECF No. 53 (Second Amended Complaint).  Defendant filed its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint on September 27, 2024.  ECF No. 62.  As relevant to the present Motion, the pleading asserts certain defenses aimed at Plaintiff's claims concerning warranties, including affirmative defense number 14, which states: "To the extent Plaintiff asserts any breach of warranty, the warranties given, if any, were limited in scope, duration and remedy, thereby barring Plaintiff's claims herein."  *Id.* at 22, ¶ 14; *see also id.* at ¶ 13 ("Plaintiff's claims exceed the scope of any express warranty given to Plaintiff by Forest River, if any."); *accord id.* at 21, ¶ 2 ("Plaintiff's claims are barred by the applicable statutes of limitations.").

The Scheduling Order imposed a March 7, 2025 deadline for any motion to amend the pleadings.  ECF No. 67 at 2.  On that deadline, Defendant timely filed its Motion for Leave to File an Amended Answer and Affirmative Defenses.  ECF No. 79.  Defendant sought to add an affirmative defense alleging that Plaintiff's breach-of-warranty claims failed as a matter of law because the warranty limited the duration of all express and implied warranties so that no action to enforce could be commenced later than 90 days after the expiration of the warranty period.  *See id.*  Less than a week after Defendant filed its motion, Plaintiff filed an unopposed motion to stay all deadlines because she had experienced a medical emergency.  ECF No. 80.

The Court granted the motion to stay in part, staying all deadlines up to and including May 16, 2025, which expressly included the March 7, 2025 deadline to amend.  ECF No. 81 at 2.  In the same order, the Court also denied Defendant's original motion to amend without prejudice to refiling.  *Id.* at 2-4.  In doing so, the Court noted that Defendant's proposed affirmative "appears to add greater specificity to an existing defense previously asserted by Defendant."  *Id.* at 2 (citing affirmative defense number 14).  The Court further noted that because Plaintiff's serious health issues preceded the filing of the motion to amend, she had not had the opportunity to indicate

whether she was opposed to the amendment and further explained that "[b]ecause of the nature of the proposed amended answer, Plaintiff may be unopposed to Defendant's request for leave to amend and the answer could be filed with the opposing party's written consent pursuant to Rule 15(a)(2)." *Id.* at 3. The Court directed the parties to meet and confer and further directed that if Plaintiff indicated she opposed a request to amend, Defendant had up to and including May 23, 2025, to renew its motion. *Id.*

Defendant timely filed its Motion by the extended deadline of May 23, 2025, seeking leave to amend its answer to include the same affirmative defense it previously sought to plead. Proposed affirmative defense number 25 states in full:

> Plaintiff's breach of warranty claims are barred as a matter of law because the Forest River Warranty, as contained in the subject Owner's Manual, limits the duration of all express and implied warranties such that no action to enforce the same shall be commenced later than ninety (90) days after the expiration of the Warranty Period, which in this case expired on or about October 20, 2021. Plaintiff's breach of warranty claims, therefore, are barred by the express timing restrictions set forth in the Forest River Warranty.

ECF No. 83-2 (redline version of the proposed pleading showing all changes). Plaintiff timely responded to the Motion, opposing it on multiple grounds. *See generally* ECF No. 85. Defendant timely filed a reply brief in further support of its Motion. ECF No. 86.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further instructs that courts should "freely give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations

omitted).  A Court may deny a motion to amend under Rule 15(a)(2) on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted." *Wheeler v. Bd. of Directors of Sterling Free Pub. Libr.*, No. 23-2401-EFM-ADM, 2024 WL 1720726, at *3 (D. Kan. Apr. 22, 2024) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)).

## III.    DISCUSSION

Plaintiff states she opposes the Motion for "failing to demonstrate[] good cause while being so vague as to potentially mislead the Court, futility, and for failing to comply with the rules while stretching candor as if [Defendant] was in the dark about their 'owner's manual[.]'"  ECF No. 85 at 1.  The Court construes Plaintiff's opposition as making arguments relevant to two recognized bases to deny a motion to amend: that Defendant unduly delayed in seeking to amend; and that the amendment is futile.[2]

---

[2]    Some of Plaintiff's arguments do not necessarily pertain to any of the recognized bases under which the Court may properly deny a motion to amend. *See Hasan*, 935 F.3d at 1101-02 (listing the grounds for denying a motion to amend as including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."). For example, Plaintiff has included in her brief a section addressing "Specificity," essentially arguing that the amendment provides no increased specificity and "only attempts to add affirmative defenses to revive timing arguments already argued and lost."  ECF No. 85 at 2.  While Plaintiff was perhaps responding to the Court's prior characterization of the proposed affirmative defense as a more specific version of a previously pleaded affirmative defense, specificity itself is not recognized basis on which to deny a motion to amend.  Where the Court understands Plaintiff's arguments as applying to one of the recognized bases for denying a motion to amend—for example, futility—it has considered these arguments.

4

The Court does not construe Plaintiff's opposition as arguing bad faith or repeated failure to cure deficiencies allowed by prior amendments. Plaintiff additionally does not allege any undue prejudice, which is the most important factor in deciding whether to allow an amendment to the pleadings. *See Minter*, 451 F.3d at 1207 ("The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."). Although Plaintiff references a lack of good cause, Defendant filed its Motion by the May 23, 2025 deadline (which the Court extended largely to accommodate Plaintiff's medical issues). Because the Motion is timely, it does not implicate the good-cause analysis under Fed. R. Civ. P. 16(b)(4) for amendments to a scheduling-order deadline.

The Court addresses Plaintiff's undue delay and futility arguments below.

### A.    Undue Delay

"Lateness does not of itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205. But, at some point, delay becomes undue when it places an unwarranted burden on the Court or when it becomes prejudicial by placing an unfair burden on the opposing party. *Id.* In determining whether undue delay exists, the Court considers both the length of the delay and the reasons for the delay. *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010). Courts may properly deny a motion to amend if a party is attempting to make a pleading a moving target. *Minter*, 451 F.3d at 1205.

None of these above circumstances are present here. Defendant timely moved to amend by the Court-imposed deadline for amendments to the pleadings and with approximately four months of discovery remaining. *See* ECF No. 84 at 2 (Amended Scheduling Order imposing a discovery deadline of October 17, 2025). Defendant also explains that its proposed amendment "simply seeks to add more specificity with respect to its affirmative defense that any alleged

implied or expressed warranties were limited in scope, duration, and remedy to the full extent permitted by law." ECF No. 86 at 3.

Plaintiff's arguments regarding undue delay appear to center around her position that Defendant could have pleaded the defense from the outset but did not do so. Specifically, Plaintiff notes that Defendant's proposed defense "is based on language in their own warranty" and points to a California Court of Appeals decision—in which Forrest River was a party defendant—which noted a 90-day limitation period set out in a Forrest River warranty. *Id.* at 85 at 3 (citing *Hardy v. Forest River, Inc.*, 108 Cal. App. 5th 450, 459, 329 Cal. Rptr. 3d 275, 282 (2025), *as modified* (Jan. 31, 2025)).

Although Defendant arguably could have pleaded the defense sooner, the defense is not aimed at making the answer a moving target. To the contrary, Defendant's original answer pleaded more generalized defenses that appear broad enough to cover the more specific proposed new defense. Specifically, affirmative defense number 14, pleaded in Defendant's original answer, states that "the warranties given, if any, were limited in scope, *duration* and remedy, thereby barring Plaintiff's claims herein." ECF No. 62 at 22, ¶ 14 (emphasis supplied). Similarly, defense number 13 alleged that "Plaintiff's claims exceed the scope of any express warranty given to Plaintiff by Forest River, if any." *Id.* at ¶ 13.

Proposed affirmative defense number 25 includes additional details, identifying "the Forrest River Warranty, as contained in the subject Owner's Manual" as limiting "the duration of all express and implied warranties such that no action to enforce the same shall be commenced later than ninety (90) days after the expiration of the Warranty Period[.]" ECF No. 83-2 at 24, ¶ 25. Because Defendant's proposed amendment more specifically states what was already pleaded

in the answer and because Defendant has timely moved to amend by the deadline and with months of discovery remaining, the Court does not find undue delay on this record.

**B.    Futility**

The Court also does not find that the amendment would be futile for two reasons. *First*, although Plaintiff makes arguments related to the merits of Defendant's proposed defense, no party has specifically addressed or acknowledged the applicable futility standard the Court must analyze in resolving a motion to amend an answer. "When a defendant moves to amend an answer to add an affirmative defense, futility is examined in the context of a motion to strike under Fed. R. Civ. P. 12(f), which permits the striking of an 'insufficient defense.'" *Eagle v. USA Dent Co., LLC*, No. 20-CV-01146-JWB-TJJ, 2022 WL 17903796, at *2 (D. Kan. Dec. 23, 2022). The presiding District Judge has explained this standard:

> The court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances." *Charbonneau v. Mortg. Lenders of Am., LLC*, No. 18-2062-HLT-ADM, 2020 WL 4334981, at *7 (D. Kan. July 28, 2020) (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648-49 (D. Kan. 2009)). "A district court has discretion to strike a defense where the insufficiency is 'clearly apparent and 'no factual issues exist that should be determined in a hearing on the merits.'" *Id.* (citing *Hayne*, 263 F.R.D. at 649).

*United States Dep't of Lab. v. Los Cocos Mexican Rest., Inc.*, No. 22-1004-JWB, 2022 WL 16571180, at *5 (D. Kan. Nov. 1, 2022).

"When the futility analysis implicates a Rule 12(f) analysis, the party opposing the amendment faces a demanding burden." *Eagle*, 2022 WL 17903796, at *3. In applying this standard, the Court may only prohibit an amendment if there is no set of facts on which Defendant could prevail. *Id.* Plaintiff, as the party opposing the amendment, bears the burden of establishing

futility, and she has not done so on this record.  *Id.* at *2 (explaining that the party opposing an amendment on futility grounds bears the burden of establishing futility).

The section of Plaintiff's brief addressing futility states in full:

## FUTILITY

> [Defendant] knows or should know that their limitations on warranty run afoul and that various laws such as the UCC and the Magnuson–Moss Warranty Act (P.L. 93637) (15 U.S.C. § 2301 et *seq.*)16 C.F.R. Part 701 and Kansas statutes of limitation stop such a practice of writing in less time than the state and federal law allow.

> "At Law" vs. "In Fact": "At law" refers to something required or determined by law. "In fact" means something that is real or true, based on actions or circumstances, rather than something legally mandated. While a manufacturer can state limitations *in fact* within their warranty, these limitations are only valid and enforceable if they comply with the relevant laws ("at law") governing warranties.

> While presenting the additional affirmative defense as "at law" Defendant should have cited it rather than ignoring the actual law.

> One of the primary reasons for the legislative enactment of the KCPA in purpose relates to these types of efforts as [Defendant] attempts here in adding a warranty disclaimers which is actually NOT an affirmative defense rather, a prohibited act which actually CREATES another claim for Plaintiff.

> 50-623. Kansas consumer protection act; purpose; construction. This act shall be construed liberally to promote the following policies:

> (a) To simplify, clarify and modernize the law governing consumer transactions;

> (b) to protect consumers from suppliers who commit deceptive and unconscionable practices;

> (c) to protect consumers from unbargained for warranty disclaimers;

> Given the statute of limitations in Kansas combined with the substantive federal and state law the Court may find the amendment futile.

ECF No. 85 at 3-4.

The Court has reviewed Plaintiff's cited authority and considered Plaintiff's arguments, but they do not establish that there is no set of facts on which Defendant could prevail with respect to its proposed affirmative defense. The cited authority and the quoted portions of the Kansas Consumer Protection Act do not, on their face, show that the affirmative defense based on a warranty-limitation period is clearly barred.

Plaintiff's brief also addresses the *Hardy* case referenced above. ECF No. 85 at 3. The Court understands Plaintiff's reliance on *Hardy* as primarily concerning undue delay—i.e., that Defendant should have been on notice of its own warranty limitation because it was also at issue in *Hardy*.[3] But to the extent Plaintiff relies on *Hardy* to show futility, the Court does not find that *Hardy* establishes that the proposed affirmative defense cannot succeed as a matter of law under any circumstances.

In *Hardy*, the California Court of Appeals considered an appeal in a case brought by a purchaser of a Forrest River RV involving claims under California's Song-Beverly Act (a "lemon law"). *Hardy*, 108 Cal. App. 5th at 458, 329 Cal. Rptr. 3d at 281. Plaintiff appealed the lower court's ruling on defendant's motion to stay or dismiss involving a forum selection clause that

---

[3]    Plaintiff's citation to *Hardy* appears in a stand-alone section of her brief that opens by stating that "[a]lthough this section is not intended to be a brief on the merits, the specific case issues are on point to what [Defendant] not only knows from their own drafting of the contract of adhesion not provided at purchase and illustrates that the Defendant knew or should have known rather than discovered this information in an exchange with Plaintiff." ECF No. 85 at 3. The Court reads these arguments as largely related to delay in that Plaintiff contends Defendant was on notice of the facts underlying the proposed affirmative defense. *See id.* ("Undersigned finds it hard to imagine how [Defendant] is in other litigation and losing these arguments yet attempts to present to this Court it was some new information from Plaintiff without coming forward noting it is something they were litigating in 2025 and losing."). The next section of Plaintiff's brief is titled "Futility," and does not include arguments related to *Hardy*. *Id.* at 3-4.

required that the case be litigated in Indiana, not California.  The appellate court found that the lower court had erred when it ruled that the case could be transferred to Indiana.  In reaching this conclusion, the appellate court considered a number of issues, including whether the forum selection clause would substantially diminish the rights of California residents in a way that was contrary to California public policy.  The appellate court noted that the plaintiff had argued that the warranty contained multiple unconscionable provisions, including a 90-day limitations period, in contrast to the four-year statute of limitations period allowed under California law.  108 Cal. App. 5th at 455, 329 Cal. Rptr. 3d at 279.

*Hardy* is a decision applying California law reviewing a lower court's ruling regarding venue and forum selection.  Although the 90-day warranty period is briefly noted, the case did not involve an appeal of a dispositive ruling regarding the warranty limitation.  Even if it did, it would not establish that Defendant's proposed affirmative defense in this case—which does not necessarily involve the application of California law—cannot succeed as a matter of law under any circumstances in this case, which is a high burden Plaintiff has not met.

*Second*, as explained above, Defendant previously pleaded existing defenses that appear broad enough to encompass the more specific allegations included in the proposed affirmative defense.  In other words, Defendant has already put at issue limitations on warranties, including warranty duration, and these issues would remain in the case regardless of whether the Court allowed the proposed amended answer.  *See* ECF No. 62 at 22, ¶ 14.  Judges in this District have generally declined to bar amendments based on merits arguments that also would apply to matters already pleaded, as doing so would serve no practical purpose because these issues would remain in the case regardless.  *See, e.g., Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2019 WL 7187329, at *6 (D. Kan. Dec. 26, 2019) (explaining that pleading deficiencies contained

in the operative pleading do not present a compelling reason to deny a motion to amend). Notably, Plaintiff did not file a motion to strike affirmative defense numbers 13 or 14.

The Court grants Defendant's motion because it is timely and because the Court does not find undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to Amend, ECF No. 83, is **GRANTED**. Defendant must file its Amended Answer and Affirmative Defenses, ECF No. 83-1, within two business days from the date of this order.

**IT IS SO ORDERED.**

Dated: June 23, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge