IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNA L. HUFFMAN,

Plaintiff,

v. Case No. 23-4091-JWB

FOREST RIVER, INC.,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to alter or amend judgment under Federal Rules of Civil Procedure 59 and 60. (Doc. 177.) However, as explained below, the court construes Plaintiff's filing as a motion for reconsideration of an interlocutory order. The motion is briefed and ripe for decision. (Doc. 181.)[1] The motion is DENIED for the reasons stated herein.

## I. Facts

This lawsuit stems from Donna Huffman's ("Plaintiff") 2020 purchase of a recreational vehicle ("RV") manufactured by Forest River, Inc. ("Forest River"). Proceeding pro se,[2] Plaintiff filed suit on June 22, 2023, and Forest River removed the case to this court. (Docs. 1-1; 1.) In her second amended complaint ("SAC"), Plaintiff asserted claims against Forest River for breach of four separate contracts, fraud, misrepresentation, negligence, and violations of the Kansas Consumer Protection Act ("KCPA"), all premised on alleged defects in the RV. (Doc. 53.) On

[1] Plaintiff did not file a reply brief and the time for doing so has passed.

[2] As explained previously (Doc. 170 at 7), while pro se litigants are generally entitled to liberal construction of their filings, Plaintiff's complaint is not so entitled because she is an attorney with a suspended license. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Cohen v. Hartman*, No. 23-1364, 2024 WL 4234967, at *1 (10th Cir. Sept. 19, 2024) (holding that a pro se plaintiff was not entitled to liberal construction because she had legal training). Despite Plaintiff's renewed request in her motion that her filings ought to be liberally construed (Doc. 177 at 10–11), the court again declines to do so. Nevertheless, the court would reach the same conclusions even if it construed her filings liberally.

January 30, 2026, Forest River moved for summary judgment on those claims. (Doc. 142.) On June 11, 2026, this court entered an order granting that motion in part, thereby dismissing Plaintiff's breach of contract claim premised on the limited warranty ("Contract B"), her tort claims for fraud, misrepresentation, and negligence, and her KCPA claims, and leaving only three breach of contract claims for trial. (Doc. 170.) In that order, the court more thoroughly set forth the prior procedural and factual history of this action. On July 9, 2026, Plaintiff filed the present motion, which—although styled as a request for "partial relief" under Rules 59 and 60—asks the court to revisit its summary judgment rulings and reinstate her dismissed claims, largely by repeating arguments the court has already considered and rejected. (Doc. 177.)

## II. Analysis

Plaintiff seeks relief under Federal Rules of Civil Procedure 60(a), 60(b), and 59(e). The court begins with Rule 60(a), which provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." As Forest River correctly observes, Rule 60(a) is a tool for correction and clarification, not substantive reconsideration. (Doc. 181 at 4.) The rule is restricted to correcting clerical or transcription mistakes so that the record accurately memorializes what the court decided; it may not be used to revise or reconsider the substance of a ruling. *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) ("Rule 60(a) may not be used to change something that was deliberately done even though it was later discovered to be wrong." (internal citation omitted)).

As best the court can discern, Plaintiff identifies two purported clerical errors in the court's order. (Doc. 177 at 1–3.) First, she challenges the court's description of the RV's limited warranty as lasting one year rather than two. Second, she challenges the court's statement that this action

was filed on June 22, 2023. Neither is a clerical mistake, however, because neither statement is inaccurate. As to the warranty, the court neither mistranscribed nor omitted anything. It expressly acknowledged that the parties had submitted two materially different warranty documents and it observed that Plaintiff's own exhibit reflected a warranty expiration date consistent with the shorter term. (Doc. 170 at 3.) That is an accurate account of the record before the court. As to the filing date, Plaintiff's petition in the District Court of Jefferson County, Kansas, from which this action was removed, is time-stamped with a date of June 22, 2023. (Doc. 1-1 at 1.) The court's recitation was correct. More to the point, Plaintiff does not actually seek correction of the record. She asks the court to "correct reinstating breach of warranty," (Doc. 177 at 2), and devotes much of her motion to arguing that the court weighed the evidence improperly in granting summary judgment. That is a request for substantive reconsideration, and Rule 60(a) does not authorize it. Relief under Rule 60(a) is denied.

Plaintiff alternatively invokes Rules 59(e) and 60(b).[3] Although Plaintiff styled her motion as one to alter or amend, the court will not construe it as a motion to alter or amend a judgment under Rule 59(e), or as a motion for relief from a final judgment under Rule 60(b), because no judgment has been entered in this case. Nor will the court construe the motion, as Forest River urges, as one seeking reconsideration under D. Kan. Rule 7.3, because that rule applies only to non-dispositive orders and the order Plaintiff challenges was dispositive as to the claims it resolved.[4] It is, however, well within the court's discretion to revise an interlocutory order at any

[3] Defendants properly point out that Plaintiff actually cites Rule 60(e). (Doc. 181 at 3 n.1 (citing Doc. 177 at 3).) Plaintiff appears to have made a mistake because Rule 60(e) addresses the abolition of bills and writs which has no relevance to Plaintiff's motion. Based on her arguments throughout, the court construes Plaintiff's motion as seeking relief under Rule 60(b).

[4] Forest River argues that Plaintiff's motion should be denied as untimely because it was filed twenty-eight days after the court's order and thus outside the fourteen-day window in D. Kan. Rule 7.3. (Doc. 181 at 2.) The court declines to deny the motion on that basis. By its terms, Rule 7.3 governs motions seeking reconsideration of non-dispositive orders, and the order Plaintiff challenges resolved and dismissed several of her claims. The rule's fourteen-day deadline therefore does not bar her motion.

time prior to the entry of final judgment. Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Wagoner v. Wagon*er, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). "Although not formally recognized by the Federal Rules of Civil Procedure, motions for reconsideration are generally construed under Rule 54(b), Rule 59(e), or Rule 60(b), depending on when the motion is filed." *Gale v. Uintah Cnty.*, No. 13-CV-725, 2021 WL 4553218, at *2 (D. Utah Oct. 5, 2021) (citing *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)). Consequently, the court treats Plaintiff's motion as one for reconsideration based on the court's inherent power to review its interlocutory orders. In doing so, the court applies the legal standards applicable to a Rule 59(e) motion to alter or amend and to a motion to reconsider a non-dispositive order under D. Kan. Rule 7.3, which are essentially identical.

Therefore, to merit relief under a motion for reconsideration, it must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3; *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration may be appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Servants of Paraclete*, 204 F.3d at 1012. But a motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 989880, at *2 (D. Kan. Mar. 7, 2024) (quoting *Paliwoda v. Showman*, No. 12-2740-KGS, 2014 WL 11517806, at *1 (D. Kan. Sept. 30, 2014)). Nor is it an

opportunity to present new arguments or supporting facts that could have been raised originally. *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001).

Here, Plaintiff's motion is not a model of clarity. It wanders through a series of loosely connected topics—focused primarily on "[c]lerical or [m]athematical" errors the court committed concerning the duration of the RV's warranty and the date this case was filed. (Doc. 177 at 1.) But the motion's aim is unmistakable. Plaintiff asks the court to revisit its summary judgment ruling and reinstate her dismissed claims. For the reasons explained above, Rule 60(a) affords her no avenue for that relief. And measured against the standards governing reconsideration of an interlocutory order, her motion fares no better.

Turning to the substance of her request, the motion fails to identify any cognizable ground for reconsideration. First, Plaintiff points to no intervening change in controlling law. Thus, the first basis is inapplicable. Second, she comes forward with no new evidence that could not previously have been obtained through the exercise of due diligence. *See Cahail v. United States*, No. 25-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025). Her lone attempt—a Topeka dealer's inability, in July 2026, to repair the RV's tire pressure monitoring system—concerns a component that she knew of and referenced during summary judgment briefing. (Doc. 162 at 6, 10, 16–17.) Indeed, the court's order observed that Plaintiff had failed to put forward evidence that she properly submitted a warranty claim regarding the tire pressure monitoring system; instead, she only showed that it was subject to a national recall. (Doc. 170 at 13, 20–21.) The court explained that Plaintiff had failed to show how having a part be subject to a national recall supported her claim for unconscionability under the KCPA. In sum, a recent repair attempt on a component known to be subject to a national recall is not new evidence and to the extent

Plaintiff asks the court to treat that episode as a basis to amend her pleadings and add a new claim, the court declines to do so.

Third, Plaintiff demonstrates neither clear error nor manifest injustice. Her primary contention is that the court committed a clerical or mathematical mistake in describing the RV's warranty as lasting one year rather than two. (Doc. 177 at 1–2, 8–9.) This argument is unavailing because the warranty's duration was not the basis for the court's ruling. Whether the limited warranty ran for one year or for two, the outcome would be the same. Summary judgment was granted on the Contract B claim because Plaintiff failed to show that she properly invoked the warranty's protections, and on the KCPA claims because she failed to come forward with evidence of any deceptive or unconscionable act. (Doc. 170 at 13, 17–21.) Next, Plaintiff asserts that the court committed error by claiming that her case was originally filed in state court on June 22, 2023. (Doc. 177 at 2–3.) While it is unclear how this makes any difference, the court notes that Plaintiff's petition filed in the District Court for Jefferson County, Kansas, from which this case was removed, is time-stamped June 22, 2023. (Doc. 1-1 at 1.) Accordingly, that argument is similarly unpersuasive and rejected. Relatedly, to the extent Plaintiff suggests that a different filing date would show her claims to be timely under the savings statute, the court resolved no claim at summary judgment on statute-of-limitations grounds, and the point is therefore immaterial.

The remainder of the motion simply quarrels with the court's resolution of the summary judgment record. Plaintiff re-urges, for example, that her emails placed Forest River on written notice of the RV's defects; that Forest River acted in bad faith by failing to provide her a list of authorized repair facilities; that the ten-month delay in repairing the RV's motorized step was unreasonable; that Forest River concealed defective parts such as the hydraulic leveling jacks; and that the court improperly "weighed" the evidence rather than viewing it in her favor. (Doc. 177 at

3–10.) Each of these arguments was raised—or could have been raised—in her summary judgment briefing, and a motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed." *BHC Dev., L.C. v. Bally Gaming, Inc.*, 985 F. Supp. 2d 1276, 1295–96 (D. Kan. 2014). So too with her complaint that Forest River failed to direct the court to its own expert's opinion regarding the tire pressure monitoring system. That opinion was part of the summary judgment record, and Plaintiff was free to rely on it in her response.

In summary, Plaintiff's motion fails to identify any basis that would support the relief she seeks because her motion largely reiterates the same assertions that were previously raised and rejected.

## III. Conclusion

THEREFORE, Plaintiff's motion to alter or amend judgment (Doc. 177) is DENIED.

FURTHER, in light of Defendants' filing their motion for summary judgment (Doc. 184) pursuant to the court's order authorizing Defendants to do so (Doc. 183 at 24), the court RESETS the jury trial scheduled in this matter to **January 25, 2027**.

IT IS SO ORDERED. Dated this 14th day of August, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE